UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CORDELL FORD,

       Plaintiff,

v.                 Case No. 23-cv-1467-pp

BARBARA KRAMER, *et al.*,

       Defendant.

---

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 10)**

---

  Plaintiff Cordell Ford, who is incarcerated at Waupun Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. The court screened the complaint and allowed the plaintiff to proceed on claims that on June 15, 2023, defendants Marwitz, Kramer and Bittner acted with deliberate indifference to the plaintiff's threats that he would self-harm and that defendants Marwitz, Kramer, Vick and Bleeder failed to provide him with adequate medical care for his wounds. Dkt. No. 7 at 8. The plaintiff has filed an amended complaint in which he reiterates the claims described above and adds a claim for an incident that allegedly occurred on June 13, 2023. Dkt. No. 10. This order screens the amended complaint.

**I. Screening the Amended Complaint**

  **A.** <u>Federal Screening Standard</u>

  Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental

1

entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d

2

824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. Amended Complaint's Allegations

When the court screened the original complaint, it did not allow the plaintiff to proceed on his claim based on an alleged self-harm incident that occurred on June 13, 2023 and involved former defendants CO Straughter and Sgt. Lambert. Dkt. No. 7 at 7-8. In the amended complaint, the plaintiff reiterates some of the allegations related to that incident and adds new allegations. Dkt. No. 10 at 2-5. Specifically, the plaintiff alleges that on June 13, 2023, he was on observation status, which meant that staff should check on him every fifteen minutes. Id. at 3. At about 2:56 p.m., Straughter checked on the plaintiff and the plaintiff told Straughter that he "was in possession of a razor blade as well as he would attempt to cut his arm open due to[] hearing voices and for him to let the Sgt. know he needs help." Id.

The plaintiff states that a few minutes later, Lambert arrived at the plaintiff's cell front and the plaintiff told Lambert that he was he was hearing voices telling him to kill himself with the razor he had. Id. at 3-4. Lambert allegedly told the plaintiff to give Lambert the razor and the plaintiff said he was going to try to kill himself if Lambert did not get him out of there. Id. at 4. The plaintiff alleges that Lambert said that they would have to deal with the plaintiff anyway, and he walked away. Id. When Straughter allegedly conducted

3

another observation round, the plaintiff's window was covered so Straughter could not see in the cell. Id. The plaintiff states that Straughter knocked on the door, the plaintiff did not respond and Straughter walked away. Id.

The plaintiff alleges that at about 3:59 p.m., Straughter conducted his rounds and saw the plaintiff lying on the floor with a large pool of blood in the back of the cell; he alleges that blood was scattered on the cell's floor and walls. Id. at 5. Straughter allegedly yelled the plaintiff's name and when he did not get a response, he notified his supervisor, Lt. Fisher (not a defendant). Id. Fisher allegedly arranged an emergency cell entry, and the plaintiff was removed from the cell and taken to the treatment room. Id. The plaintiff claims that Straughter and Lambert's failure to retrieve him from the cell amounted to deliberate indifference. Id. at 5.

The amended complaint next reiterates the plaintiff's original complaint allegations from the incident that occurred on June 15, 2024, on which the court allowed him to proceed against defendants Kramer, Bittner, Vick, Bleeder and Marwitz. Id. at 6-9. Regarding these allegations, the amended complaint appears to be a photocopy of the original complaint with the word "Amended" added in front the word "Complaint" at the bottom of each page. Id. The court will not repeat these allegations because it already has determined that the plaintiff may proceed against these defendants. In the next section, the court will address whether the plaintiff may proceed against defendants Straughter and Lambert for the self-harm incident that allegedly occurred on June 13, 2023.

4

C.  Analysis

As explained, when it screened the original complaint, the court did not allow the plaintiff to proceed on a claim based on the events that took placed on June 13, 2023. Dkt. No. 7 at 7-8. In the original complaint, the plaintiff did not allege that Straughter knew the plaintiff was going to harm himself and the plaintiff did not make any allegations against Lambert. In the amended complaint, the plaintiff alleges that both Straughter and Lambert knew he had threatened to harm himself with a razor but did not prevent him from harming himself. Unlike the original complaint, the amended complaint *does* state an Eighth Amendment claim against Straughter and Lambert based on the June 13, 2023 self-harm incident. See Eagen v. Dempsey, 987 F.3d 667, 693-94 (7th Cir. 2021). The court will order service of the amended complaint on defendants Straughter and Lambert.

To summarize, the plaintiff may proceed on the following claims based on the amended complaint: (1) an Eighth Amendment claim against defendants Straughter and Lambert for failure to prevent harm on June 13, 2023; (2) an Eighth Amendment claim against defendants Marwitz, Kramer and Bittner for failure to prevent harm on June 15, 2023; (3) an Eighth Amendment claim against defendants Marwitz, Kramer and Vick for failure to provide adequate medical care on June 15, 2023; and (4) an Eighth Amendment claim against defendant Bleeder for failure to provide adequate medical care several days after June 15, 2023.

**II.    Conclusion**

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the amended complaint (Dkt. No. 10) and this order to the Wisconsin Department of Justice for service on defendants Straughter and Lambert.

The court **ORDERS** that all defendants must file a responsive pleading to the amended complaint within twenty-one days of the date of this order.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are not incarcerated or who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>     Office of the Clerk
>     United States District Court
>     Eastern District of Wisconsin
>     362 United States Courthouse
>     517 E. Wisconsin Avenue
>     Milwaukee, Wisconsin 53202

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. It is the plaintiff's responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 17th day of October, 2024.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**