UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CORDELL FORD,

                              Plaintiff,

v.                                                          Case No. 23-cv-1467-pp

RICARDO STRAUGHTER, *et al.*,

                              Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON EXHAUSTION GROUNDS (DKT. NO. 28)**

---

      Plaintiff Cordell Ford, who previously was incarcerated at Waupun Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983 alleging that the defendants violated his constitutional rights. The court screened the amended complaint and allowed the plaintiff to proceed on the following claims: (1) an Eighth Amendment claim against defendants Straughter and Lambert for failure to prevent harm on June 13, 2023; (2) an Eighth Amendment claim against defendants Marwitz, Kramer and Bittner for failure to prevent harm on June 15, 2023; (3) an Eighth Amendment claim against defendants Marwitz, Kramer and Vick for failure to provide adequate medical care on June 15, 2023; and (4) an Eighth Amendment claim against defendant Bleecker for failure to provide adequate medical care several days after June 15, 2023. Dkt. No. 19 at 5.

      On February 10, 2025, the defendants filed a motion for partial summary judgment on exhaustion grounds, in which they seek dismissal of the medical

1

claim against Bleecker. Dkt. No. 28. The day after the defendants filed their motion for partial summary judgment, the court ordered that the plaintiff's response to that motion was due on March 12, 2025 and that if, by that date, the court did not receive his response or an explanation for why he could not timely file a response, it would resolve the defendants' motion without considering a response from the plaintiff. Dkt. No. 32. The court mailed its order to the address the plaintiff provided the court in November 2024, but has not received a response from the plaintiff and the order has not been returned to the court as undeliverable. This order grants the defendants' motion for partial summary judgment on exhaustion grounds and dismisses Bleecker.

I. **Defendant's Motion for Partial Summary Judgment, Dkt. No. 28**

   A. Facts

The plaintiff submitted two administrative complaints related to his claims in this case. Dkt. No. 30 at ¶7. On June 21, 2023, the plaintiff submitted a complaint reporting his claims against Marwitz, Kramer, Bittner and Vick. Id. at ¶8. In this compliant, he said that prison staff failed to protect him from self-harm on June 15, 2023, when they allowed him to insert a staple into his arm. Id. at ¶9. This complaint also asserted that after the incident, Officers Kramer and Marwitz and Nurse Vick didn't take him out of his cell when they came to the cell and Vick removed the staple. Id. at ¶10. Five days later, on June 26, 2023, the plaintiff submitted a complaint reporting his claims against Straughter and Lambert. Id. at ¶14. In this complaint, he alleged that staff failed to protect him from self-harm on June 13, 2023, when

2

he told officer Straughter and Sergeant Lambert that he was going to cut himself with a razor if he wasn't removed from his cell. Id. at ¶15.

On June 28 and July 11, 2023, the institution complaint examiner's office advised the plaintiff via return letters to correct and properly submit two complaints in accordance with the grievance procedure rules. Id. at ¶19. The plaintiff did not properly submit any other administrative complaints concerning the claims in this case. Id. at ¶22.

B.     Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

C.     Discussion

The defendants contend the plaintiff failed to exhaust his administrative remedies regarding his medical care claim against Bleecker. Dkt. No. 29 at 11.

The Prison Litigation Reform Act (PLRA) provides that an incarcerated individual cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a);

3

see also Woodford v. Ngo, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that an incarcerated person comply with the rules applicable to the grievance process at his institution. Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The objective of §1997e(a) is to permit the institution's "administrative process to run its course before litigation begins." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (quoting Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005)); see also Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). The Seventh Circuit applies a "strict compliance approach to exhaustion" and expects incarcerated individuals to adhere to "the specific procedures and deadlines" established by the institution's policy. Dole, 438 F.3d at 809; see also Hernandez v. Dart, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted). Because exhaustion is an affirmative defense, the defendants bear the burden of proving that the plaintiff failed to exhaust. Pavey v. Conley, 544 F.3d 739, 740-41 (7th Cir. 2008) (citing Jones v. Bock, 549 U.S. 199, 216 (2007)).

The "Inmate Complaint Review System" (ICRS) in the Wisconsin prisons is the administrative remedy available to individuals with complaints about prison conditions or the actions of prison officials. Wis. Admin. Code §DOC 310.01(2)(a). Before an incarcerated individual may commence a civil action, he must exhaust all administrative remedies the Department of Corrections (DOC)

4

"has promulgated by rule." Wis. Admin. Code §DOC 310.05. The ICRS is available for individuals to "raise issues regarding policies, living conditions, or employee actions that personally affect the inmate or institution environment." Wis. Admin. Code §DOC 310.06(1).

To use the ICRS, an incarcerated person must file a complaint with the institution complaint examiner (ICE) within fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code §DOC 310.07(2). After reviewing and acknowledging each complaint in writing, the ICE either rejects the complaint or sends a recommendation to the "appropriate reviewing authority," who may recommend that the complaint be affirmed or dismissed in whole or in part. Wis. Admin. Code §§DOC 310.10(9) & 310.10(12). Within fourteen days after the date of the decision, an incarcerated individual may appeal the reviewing authority decision to the corrections complaint examiner (CCE). Wis. Admin. Code §DOC 310.09(1). The CCE reviews the appeal and makes a recommendation to the secretary of the DOC. Wis. Admin. Code §DOC 310.12(9). The secretary affirms or dismisses the CCE's recommendation, or returns the appeal to the CCE for further investigation. Wis. Admin. Code §DOC 310.13(2).

The undisputed facts establish that the plaintiff did not exhaust his administrative remedies regarding his medical care claim against Bleecker. There is no ICRS complaint against Bleeker regarding the incident the plaintiff alleges occurred after June 15, 2023. The court will grant the defendants'

motion for partial summary judgment on exhaustion grounds and dismiss defendant Bleecker.

Under the court's scheduling order, the deadline for the parties to complete discovery is May 9, 2025 and the deadline for the parties to file motions for summary judgment on the merits is June 9, 2025. Dkt. No. 27.

## II. Conclusion

The court **GRANTS** the defendants' motion for partial summary judgment on exhaustion grounds seeking dismissal of the plaintiff's medical care claim against defendant Bleecker. Dkt. No. 28.

The court **DISMISSES** defendant Bleecker.

Dated in Milwaukee, Wisconsin this 11th day of April, 2025.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**