UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CORDELL FORD,

Plaintiff,

v. Case No. 23-cv-1467-pp

RICARDO STRAUGHTER, *et al.*,

Defendants.

---

**ORDER GRANTING DEFENDANTS' SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT (DKT. NO. 68) AND DISMISSING CASE**

---

Plaintiff Cordell Ford, who is confined at Dodge Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983 alleging that the defendants violated his constitutional rights when he was confined at Waupun Correctional Institution. The court screened the amended complaint (Dkt. No. 10) and allowed the plaintiff to proceed on the following claims: (1) an Eighth Amendment claim against defendants Ricardo Straughter and Alfonso Lambert for failure to prevent harm on June 13, 2023; (2) an Eighth Amendment claim against defendants Erik Marwitz, Barbara Kramer and Dustin Bittner for failure to prevent harm on June 15, 2023; (3) an Eighth Amendment claim against defendants Marwitz, Kramer and Gwendolyn Vick for failure to provide adequate medical care on June 15, 2023; and (4) an Eighth Amendment claim against defendant Andrea Bleecker for failure to provide adequate medical care several days after June 15, 2023. Dkt. No. 19 at 5.

On April 11, 2025, the court granted the defendants' motion for partial summary judgment on exhaustion grounds as to the plaintiff's fourth claim against defendant Bleecker, and dismissed Bleecker. Dkt. No. 34. On February

24, 2026, the court construed the defendants' motion for summary judgment on the merits (Dkt. No. 49) as a motion for *partial* summary judgment because it did not address all the plaintiff's claims. Dkt. No. 67. The court granted the defendants' motion for partial summary judgment and dismissed the plaintiff's second and third claims—his Eighth Amendment failure-to-protect and medical care claims based on events that took place on June 15 and 16, 2023. Id. at 17. At a status conference to address the plaintiff's remaining Eighth Amendment claim against defendants Straughter and Lambert based on events that took place on June 13, 2023, the court granted the defendants' motion for leave to file supplemental briefing as to that claim. Dkt. No. 76. The defendants' supplemental motion for summary judgment is fully briefed. The court will grant the motion and dismiss the case.

## I. Facts[1]

During the events described in the amended complaint, the plaintiff was incarcerated at Waupun Correctional Institution and defendants Alfonso Lambert and Ricardo Straughter worked there as correctional officers. Dkt. No. 70 at ¶1. The plaintiff avers that on June 13, 2023, while he was on observation status, the defendants allowed him to keep a razor blade in his cell after he showed it to them and told them that voices were telling him to kill himself. Dkt. No. 80 at ¶3; Dkt. No. 78 at ¶3. The plaintiff avers that the defendants walked away from his cell and he tried to kill himself by cutting his arm open. Id.

---

[1] The court includes only material, properly supported facts in this section. See Fed. R. Civ. P. 56(c). The court includes only facts relevant to the plaintiff's remaining claim.

On June 13, 2023, the plaintiff was treated for a small laceration on his left arm that required cleanser, glue and non-adhesive Tegaderm (bandage) for treatment. Dkt. No. 70 at ¶50. The laceration was not actively bleeding upon assessment. Id. at ¶51. The medical records note that the blood in the plaintiff's cell appeared more than typical for this small laceration, which indicates the plaintiff could have manipulated the cut. Id. at ¶52.

## II. Analysis

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party asserting that a fact cannot be, or is, genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be

admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

B. Discussion

The defendants contend that even if the plaintiff's allegations that they walked away from his cell after he threatened to harm himself with a razor on June 13, 2023 are true, the plaintiff did not suffer cognizable harm under the Eighth Amendment. Dkt. No. 69 at 2. The defendants contend that the plaintiff cannot show a recoverable injury. Id. at 12-14. The plaintiff responds that the defendants acted with deliberate indifference to a substantial risk that the plaintiff would harm himself. Dkt. No. 77 at 7-8. He asserts that he showed the defendants that he had a razor blade and said that he intended to harm himself, but that they walked away from his cell and then he *did* harm himself. Id. at 9. The defendants' reply reiterates their argument that the plaintiff did not suffer cognizable harm under the Eighth Amendment on June 13, 2023 and the court should dismiss the plaintiff's claims. Dkt. No. 82 at 1-2.

"Prison officials violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act or fail to act with 'deliberate indifference to serious medical needs of prisoners.'" Whitaker v. Dempsey, 144 F.4th 908, 916 (7th Cir. 2025) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). To succeed on his claim of deliberate indifference to a serious medical need, the plaintiff must show that (1) he faced a substantial risk of harm due to an objectively serious medical condition and that (2) a prison official knew of and disregarded the risk. Id. (citing Palmer v. Franz, 928 F.3d 560, 563-64 (7th Cir. 2019)). "A genuine risk of suicide or self-harm constitutes an objectively serious medical condition." Lisle v. Welborn, 933 F.3d 705, 716 (7th Cir. 2019)

(suicide); Miranda v. C'nty of Lake, 900 F.3d 335, 349 (7th Cir. 2018) (self-harm).

The defendants contend that even assuming it is undisputed that Lambert and Straughter refused to help the plaintiff when he said he had a razor and wanted to cut himself, and that the plaintiff did cut himself on his arm, the plaintiff has not suffered a cognizable injury under §1983. To "succeed in a §1983 suit, a plaintiff must 'establish not only that a state actor violated his constitutional rights, but also that the violation caused the plaintiff injury or damages.'" Whitaker v. Dempsey, 144 F.4th 908, 925 (7th Cir. 2025) (quoting Gabb v. Wexford Health Sources, Inc., 945 F.3d 1027, 1032 (7th Cir. 2019)). The plaintiff's injury consisted of a small laceration on his left arm that required cleanser, glue and non-adhesive Tegaderm (bandage) for treatment. Although blood was found in the plaintiff's cell, the laceration was not actively bleeding when the nurse treated him. The plaintiff's injury, without more, does not amount to a cognizable harm. See Lord v. Beahm, 952 F.3d 903-04 (7th Cir. 2020) (incarcerated person who displayed a razor blade and threatened to commit suicide and whose wounds were limited to a few minor scratches on his forearm which were quickly and easily treated with a gauze bandage did not suffer an injury compensable under §1983); see also Braithwaite v. Bille, Case No. 17-cv-706, 2022 WL 1241185, at *2 (E.D. Wis. Apr. 27, 2022) (injury consisting of superficial skin abrasions along with nurse's notes showing that injury was treatable with a bandage and cream was not a cognizable physical injury); Hohn v. Lewin, Case No. 24-cv-851, 2025 WL 2877860, at *2 (E.D. Wis. Oct. 9, 2025) (small self-inflicted cut treated with steri-strips, band-aid and glue was not a cognizable harm).

The plaintiff's physical injury consisted of a minor cut that was quickly and easily treated. Although the plaintiff's cut bled while he was in his cell, he does not dispute that the bleeding had stopped when he saw the nurse. The plaintiff focuses on the defendants' alleged disregard of his threats to harm himself. But the defendants' actions are "not compensable without evidence of injury." Lord, 952 F.3d at 905. Because the plaintiff did not suffer a compensable injury, the court will grant the defendants' supplemental motion for summary judgment.

## III. Conclusion

The court **GRANTS** the defendants' supplemental motion for summary judgment. Dkt. No. 68.

The court **ORDERS** that the case is **DISMISSED**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court*. See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed a "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the

full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 30th day of October, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**